**UNITED STATES of America**

v.

**Fred HUMPHRIES, Appellant.**

**No. 05–2955.**

United States Court of Appeals, Third Circuit.

Argued March 1, 2007.

Filed June 7, 2007.

Brett G. Sweitzer, Esquire, (Argued), Robert Epstein, Esquire, Defender Associ-

ation of Philadelphia, Federal Court Division, Philadelphia, PA, for Appellant.

Susan L. Fields, Esquire, (Argued), Office of United States Attorney, Philadelphia, PA, for Appellee.

Before: SCIRICA, Chief Judge, McKEE and NOONAN *, Circuit Judges.

### OPINION OF THE COURT

NOONAN, Circuit Judge.

Fred Humphries ("Humphries") pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He appeals, arguing that the district court erred by denying his motion to suppress evidence discovered in his vehicle. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We may affirm the district court's judgment on any basis supported by the record. *Erie Telecomms. v. Erie*, 853 F.2d 1084, 1089 (3d Cir.1988). While Humphries was actually arrested for a DUI violation, there was probable cause to arrest Humphries for leaving the scene of an accident in violation of 75 Pa.C.S. § 3743. *See Devenpeck v. Alford*, 543 U.S. 146, 154–55, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004). Two Philadelphia police officers observed Humphries backing his Nissan Pathfinder up the wrong side of the street, away from another vehicle pinned against a fence. The occupants of the pinned vehicle were pointing toward the Pathfinder, which had extensive damage to its front end. Based on the facts known to the officers, there was probable cause to believe that Humphries was leaving the scene of an accident, and they had authority to arrest him for this offense without a warrant. *See id.* at 152, 125 S.Ct. 588; *see also* 75 Pa.C.S. § 6304. Thus, the evidence at issue is admissible because it was obtained during a search incident to a lawful arrest. *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). We need not reach the issue of whether the evidence was admissible under the doctrine of inevitable discovery. *See Nix v. Williams*, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984).

AFFIRMED.